IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3010-F

| | |
|---|---|
| CHARLES LAMONT GREGORY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| SUPERINTENDENT JOYCE KORNEGAY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

On January 22, 2013, Plaintiff, a state inmate currently incarcerated at Maury Correctional Institution[1], filed this action pursuant to 42 U.S.C. § 1983 against several officers and administrators at Warren Correctional Institution ("Warren"). Plaintiff has requested leave to proceed *in forma pauperis* [DE-3, 7]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490

---

[1] See, N.C. Div. Adult Prisons, Public Offender Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1050661&searchLastName=Gregory&searchFirstName=charles&searchMiddleName=L&listurl=pagelistoffendersearchresults&listpage=1 (last visited September 10, 2013).

1

U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff contends that he has been diagnosed with food allergies, and "placed on a[n] allergy diet." Compl. [DE-1], p. 5. He alleges that, while he was housed at Warren, Defendants intentionally refused to adhere to this prescribed diet, and he was required to eat food he is allergic to. Id. Finally, Plaintiff asserts that he discussed this issue with each Defendant, and that his attempts to resolve his grievance administratively were "tamper[ed] with." Id. Based on these allegations, it does not clearly appear from the face of the complaint that Plaintiff is not entitled to relief. Shrader v. White, 761 F.2d 975, 986 (4th Cir. 1985) (stating "that inmates must be provided nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." (quotation omitted)); Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at * 10 (D. Md. April 16, 2013) (denying motion to dismiss claim that inmate was allergic to food provided by prison). Thus, the court will allow the case to proceed, and the Clerk of Court is DIRECTED to maintain management of the matter.

2

Plaintiff has also requested the entry of a temporary restraining order [DE-4]. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Although Plaintiff's complaint survives frivolity review, he has not demonstrated that he is likely to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted.[2] Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted); Cash v. Thomas, No. 6:12-1278-

---

[2] Indeed, Plaintiff's request for injunctive relief may be moot because he is no longer housed at Warren. See Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987).

3

DNC-KFM, 2013 WL 1826619, at * 2 (D.S.C. Apr. 8, 2013). Accordingly, Plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of Defendants. Plaintiff's motion for a temporary restraining order [DE-4] is DENIED.

SO ORDERED. This the 11th day of September, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4